**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  Ophelia Hamilton						Case No. 16-21733-LMI
									Chapter 13

_____Debtor_____/

**OBJECTION TO CLAIM**

**IMPORTANT NOTICE TO CREDITOR:
THIS IS AN OBJECTION TO YOUR CLAIM**

  **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

  **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned [attorney][trustee] OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

  **If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

  **The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

  Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the [trustee][debtor(s)] object(s) to the following claim filed in this case *:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 3-1 | Nationstar Mortgage, LLC d/b/a Champion Mortgage Co. | $20,439.91 | Please see below. |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

LF-24 (rev. 12/01/09)				Page 1 of  3

*Notwithstanding the requirements of Bankruptcy Rule 3007, up to five objections to claim may be included in one pleading. (See Local Rule 3007-1(C).)

1. The Debtor objects to Proof of Claim 3-1 because it includes amounts not owed.

2. Specifically, the Debtor seeks to reinstate her reverse mortgage by paying the taxes and insurance advanced on her behalf by the Creditor.

3. Pursuant to the state mortgage foreclosure final judgment entered on June 20, 2016, $3,136.00 is owed for insurance and $1,222.67 is owed for taxes for a total of $4,358.67, *see* Exhibit A (the "Final Judgment"), which is the amount provided for in the Chapter 13 plan.

4. The Final Judgment is *res judicata* as to the amounts due and owing as of the date it was entered.

5. Two months later, the voluntary petition was filed on August 26, 2016 [D.E. 1].

6. Proof of Claim 3-1 wholly fails to account for the $16,081.34 increase in the amount purportedly due which allegedly accrued during the two-month interval between entry of the Final Judgment and the filing of the instant bankruptcy.

7. Because the creditor has not demonstrated any entitlement to the amounts claimed owed, the Court should sustain the Debtor's objection and find the value of the creditor's claim is $4,358.67 pursuant to the Final Judgment.

       Jacqueline C. Ledón
       Attorney for Debtor

       /s/
       Signature

4343 West Flagler St., Suite 100, Miami, FL 33134
Address

305-438-2401
Telephone

22719 - Florida
Bar Number and State

The party filing this objection to claim must file a certificate of service in accordance with Local Rule 2002-1(F).

LF-24 (rev. 12/01/09)                Page 3 of  3