**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Ophelia Hamilton                                   Case No.  16-21733-LMI
                                                          Chapter 13

                        Debtor/
_____

## REPLY TO NATIONSTAR'S SECOND AMENDED RESPONSE TO OBJECTION TO PROOF OF CLAIM 3-1

Debtor, Ophelia Hamilton, files her Reply to Nationstar's Second Amended Response [D.E. 66] to her Objection to Proof of Claim 3-1 [D.E. 52] which is scheduled for an evidentiary hearing on August 16, 2017, at 1:30 p.m.

### Legal Argument Regarding the Finality of the Final Judgment

"*Res judicata* precludes reexamination not only of liability for a debt, but also its amount as well.  Moreover, the bar applies both to issues actually adjudicated and to those that could have been litigated." *Ob/Gyn Solutions, L.C. v. Six*, 80 F.3d 452, 456 (11th Cir. 1996).  Bankruptcy judges apply state law when evaluating the preclusive effect of a state court judgment.  *Id.*; *see also Layfield v. Deutsche Bank Nat'l Trust Co.*, 194 Fed. Appx. 637, 639 (11th Cir. 2006) (citing 28 U.S.C. § 1738 which "requires federal courts to give state records and judicial proceedings full faith and credit") (internal citation omitted).   In Florida, "[t]he doctrine of res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." *Layfield*, 194 Fed. Appx. at 639 (internal citation omitted).  The bankruptcy court has the equitable power to look behind the state judgment where the judgment is void, *Id.*, or where fraud is involved, *Dionne v. Keating*, 154 F.3d 1262 (11th Cir. 1998).

The Creditor drafted the final judgment. The Creditor presented evidence to the state court in support of the itemized final judgment. The Creditor asked the state court to enter that final judgment. Circuit Court Judge Jorge E. Cueto relied on the Creditor's evidence and entered final judgment, as requested by the Creditor. For these reasons, the Debtor cannot now challenge the validity or reasonableness of the amounts claimed owed, whether for taxes, insurance, interest, fees or the $9,105.80 in unexplained "corporate advances." Similarly, the Creditor cannot now come in and ask this Court to disregard the amounts it specified, and the state court found, were then owed. The state court final judgment is *res judicata* as to the amounts owed as of that date. *In re Nugent,* 254 B.R. 14, 28 (Bankr.D. N.J. 1998) (applying Florida law and holding that Florida state court damages judgment is *res judicata* as to all justiciable issues, citing *Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1503 n.4 (11th Cir. 1984).

### *In Any Case, the Creditor Is Protected*

Even assuming, *arguendo*, the final judgment does not operate as an adjudication of the amounts then owing, the Creditor will still recover all amounts it is due. If, in fact, the Creditor has capitalized all loan advances made on behalf of the borrower for taxes and insurance, then the Creditor will receive those amounts when the mortgage matures. This is consistent with the nature of a reverse mortgage instrument which contemplates payment only at maturity. *In re Boudreax*, 2010 WL 724355, *2 (Bankr. E.D. La. 2010) ("a reverse mortgage is nothing more than a contractual obligation between the parties. Debtor's monetary obligations are secured by a security interest over his primary residence. … In addition, the monthly installments paid by RMS to Debtor are nothing other than advances on a loan subject to repayment with interest upon maturity or Debtor's death.")

Respectfully submitted,
Jacqueline C. Ledón, Esquire
Legal Services of Greater Miami, Inc.
4343 West Flagler Street, Suite 100
Miami, FL 33134
Tel/Fax: 305-438-2401
E-mail: jledon@legalservicesmiami.org