

**ORDERED in the Southern District of Florida on September 24, 2017.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

                                                              CASE No. 16-21733-LMI

Ophelia Hamilton                                     CHAPTER 13

                                 DEBTOR.
_____/

### ORDER SUSTAINING THE DEBTOR'S OBJECTION TO PROOF OF CLAIM 3-1

THIS CASE came on for consideration for an evidentiary hearing August 16, 2017, on the Debtor's Objection [ECF # 52] to Creditor Nationstar Mortgage, LLC's Proof of Claim 3-1, the Creditor's Second Amended Response [ECF # 67] and the Debtor's Reply [ECF # 67]. For the reasons stated on the record, it is ORDERED AND ADJUDGED that:

1. The Debtor's Objection to the Proof of Claim with respect to the monetary cure of the reverse mortgage default is SUSTAINED.

2. The reverse mortgage requires the Debtor to pay property taxes and insurance and provides that the Creditor may advance such payments if the Debtor fails to do so. Reverse mortgage at Paragraphs 2, 5.

3. Pursuant to the reverse mortgage terms, "[a]ny amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument."

4. The Loan Agreement provides that where the Debtor has not timely paid the property charges, the Creditor "shall pay the property charges as a Loan Advance as required under Section 2.16." HECLA, Section 2.10.5.

5. Section 1.6 of the HECLA, defines Principal or Principal Balance as "the sum of all Loan Advances made as of a particular date, including interest and mortgage insurance premiums."

6. While the reverse mortgage specifies that foreclosure costs and attorneys' fees shall be added to the principal balance," only the Loan Agreement specifies that loan advances for property charges such as taxes and insurance are also added to the principal balance.

7. The creditor testified that the property charges advanced prior to the mortgage acceleration were added to the principal balance, or capitalized.

8. The Debtor has the contractual right to reinstate the mortgage if he or she "correct[s] the condition which resulted in the requirement for immediate payment in full." Paragraph 11.

9. Neither the reverse mortgage nor the loan agreement defines what it means to "correct the condition which resulted in the requirement for immediate payment in full."

10. Neither instrument states that the amount necessary to correct the condition includes loan advances which were added to the principal balance.

11. Accordingly, the Court finds the provision ambiguous and construes the ambiguity against the Creditor.

12. Specifically, the amount of taxes and insurance the Debtor must pay to correct the condition which resulted in acceleration is limited to the loan advances made by the Creditor after the reverse mortgage was accelerated which were not added to the principal balance or otherwise capitalized, or $6,823.75.

13. The Creditor shall amend its proof of claim, and the Debtor shall amend her plan, accordingly.

14. With respect to the non-monetary cure, the Debtor must maintain her own insurance and timely pay property taxes to reinstate.

15. Should the Debtor fail to insure the subject real property or fail to maintain her real estate taxes current, the Creditor may seek relief from the automatic stay.

Attorney Jacqueline C. Ledón, Esq. is directed to mail a conformed copy of this Order to all interested parties listed below and to file a Certificate of Service with the clerk of the Bankruptcy Court.